```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                         WESTERN DIVISION
```

UMG RECORDINGS, INC., a Delaware
Corporation; ELEKTRA ENTERTAINMENT
GROUP, INC., a Delaware Corporation;
MOTOWN RECORD COMPANY, L.P.; a
California Limited Partnership;
ARISTA RECORDS LLC, a Delaware
Limited Liability Company; and
VIRGIN RECORDS AMERICA, INC., a
California Corporation                                    PLAINTIFFS

VS.                         CIVIL ACTION NO. 5:06-cv-107(DCB)(JMR)

TAMMY GRIFFIN                                              DEFENDANT


                    MEMORANDUM OPINION AND ORDER

This cause is before the Court on the plaintiffs UMG Recordings, Inc., Elektra Entertainment Group, Inc., Motown Record Company, L.P., Arista Records, LLC, and Virgin Records America, Inc.'s motion for default judgment **(docket entry 7)**. Having carefully considered the motion, the accompanying memoranda and affidavits, and the record in this case, and being fully advised in the premises, the Court finds as follows:

The defendant was served with process on August 27, 2006, and never filed an answer or made an appearance herein. The Clerk made an Entry of Default on November 7, 2006, and notice was mailed to the defendant on November 9, 2006. On November 20, 2006, the plaintiffs filed their motion for default judgment, and notice was mailed to the defendant on that date. The plaintiffs have provided sufficient evidence that the defendant is not in military service

and is not an infant or incompetent person. The Court finds that the defendant has had sufficient notice of the possibility that a default judgment would be entered against her.

The plaintiffs allege that the defendant used an online media distribution system to copy the copyrighted sound recordings listed on Exhibit "A" to the complaint, and distributed those recordings to other users of the system. Complaint, ¶ 13. The plaintiffs contend that these actions infringe on their copyrights in violation of the Copyright Act, 17 U.S.C. § 101, et seq. The plaintiffs seek $5,250.00 in statutory damages, a permanent injunction and $420.00 in costs.

Upon default, the plaintiff's well-pleaded factual allegations are taken as true. Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975); see also Leedo Cabinetry v. James Sales & Distribution, Inc., 157 F.3d 410, 414 (5th Cir. 1998). The Court has evaluated the plaintiff's complaint and satisfied itself that there is a sufficient basis in the pleadings for a judgment.

Under 17 U.S.C. § 504(c)(1), the copyright owner may elect to recover statutory damages ranging from $750 to $30,000 per work infringed instead of actual damages. The plaintiffs have elected statutory damages and request $750 per work infringed. By her default, the defendant has admitted that she is liable for seven (7) acts of copyright infringement. See Jackson v. FIE Corp., 302

2

F.3d 515, 525 (5th Cir. 2002)(citing Nishimatsu Const., 515 F.2d at 1206). Because the plaintiffs are seeking only the statutory minimum, which by law must be awarded them upon a finding of liability, the amount of judgment can be reliably computed from the record, and no hearing is necessary. Arista Records LLC v. Stanley, 2007 WL 627839 (N.D. Miss. Feb. 26, 2007)(citing James v. Frame, 6 F.3d 307, 310 (5th Cir. 1993)). The Court therefore finds that the plaintiffs are entitled to $5,250.00 in statutory damages.

The plaintiffs request the Court to award their reasonable costs for this suit. 17 U.S.C. § 505 authorizes recovery of full costs in copyright cases. The plaintiffs have submitted a declaration of counsel detailing costs of $420.00. The Court finds that this figure is reasonable and should be awarded to the plaintiffs.

The plaintiffs seek a permanent injunction against the defendant to prohibit infringement of all copyrighted sound recordings owned by the plaintiffs. In copyright cases, 17 U.S.C. § 502(a) authorizes a court to issue an injunction on such terms as it may deem reasonable to prevent or restrain infringement of a copyright. In order to demonstrate entitlement to permanent injunctive relief, the movant must establish the following: "(1) actual success on the merits, (2) no adequate remedy at law, (3) that the threatened injury outweighs any damage to the defendant, and (4) that the injunction will not disserve the public interest."

Motown Record Company, LP v. Murray, 2007 WL 1521475 *2 (W.D. La. May 21, 2007)(citing DSC Comms. Corp. v. DGI Tech., Inc., 81 F.3d 597, 600 (5th Cir. 1996)).

In Murray, the district court found:

> In this case, the plaintiffs have succeeded on the merits by obtaining a default judgment against Defendant. See, e.g., Sony Music Entertainment, Inc. v. Global Arts Prod., 45 F.Supp.2d 1345, 1347 (S.D. Fla. 1999). Moreover, Plaintiffs have no adequate remedy at law because Plaintiffs' injury cannot be fully compensated or measured in money. See, e.g., Arista Records, Inc. v. Beker Enters., 298 F.Supp.2d 1310, 1414 (S.D. Fla. 2003). Without an injunction, Plaintiffs' copyrighted recordings, past and future, would remain vulnerable to continued infringement by Defendant. Id. No burden is imposed on Defendant by an injunction to refrain from further infringement because she is merely required to comply with the law. Further, the public interest is served by upholding copyright protections. See, e.g., Playboy Enterprises, Inc. v. Webbworld, Inc., 991 F.Supp. 543, 561 (N.D. Tex. 1997), aff'd, 168 F.3d 486 (5th Cir. 1999)(the public interest is served by requiring continuing strict adherence to intellectual property law).

Id. The Court finds that the reasons given for a permanent injunction in Murray are compelling in this case. The plaintiffs are entitled to a judgment permanently enjoining the defendant from directly or indirectly infringing on any sound recording, whether now in existence or later created, that is owned or controlled by the plaintiffs. Accordingly,

IT IS HEREBY ORDERED that the plaintiffs UMG Recordings, Inc., Elektra Entertainment Group, Inc., Motown Record Company, L.P., Arista Records, LLC, and Virgin Records America, Inc.'s motion for default judgment **(docket entry 7)** is GRANTED.

A final judgment in accordance with this Memorandum Opinion and Order shall issue.

SO ORDERED, this the  25th  day of September, 2007.

                                                s/ David Bramlette
                                               UNITED STATES DISTRICT JUDGE